**Commonwealth v. Future**

C.P. of Lackawanna County, No. 2009 CR 2423

*Terrence J. McDonald*, for petitioner.

*Jennifer McCambridge*, for Commonwealth.

MINORA, *J.*, Feb. 2, 2015—

## INTRODUCTION

Before the court is petitioner Jeffrey Future ("petitioner")'s *nunc pro tunc* Petition for Post Conviction Collateral Relief (hereinafter "PCRA") for alleged ineffective assistance of trial counsel, the Commonwealth's violation of the plea agreement, and petitioner's failure in receiving notice of this court's dismissal of his PCRA for the reasons set forth in this opinion, petitioner's *nunc pro tunc* PCRA is denied, however we grant the reinstatement of petitioner's appellate rights of the June 2013 order denying his PCRA Petition.

## FACTUAL AND PROCEDURAL SUMMARY

Petitioner is currently residing at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, 16823, where he is serving a life sentence without the possibility of parole stemming from criminal charges filed on August 19, 2009 for murder of the first degree, criminal conspiracy to commit murder in the first degree, and murder in the second degree.

On or about September 17, 2009, petitioner waived his preliminary hearing. Petitioner was arraigned on October 30, 2009. On or about January 19, 2010, petitioner entered a guilty plea to one (1) count of murder in the first degree and was sentenced to the mandatory life sentence of life in prison without the possibility of parole, and all remaining charges were *nolle prossed*. Petitioner provided a written Guilty Plea at the time of his sentencing, and an oral colloquy was done on the record. The plea agreement

involved three (3) components: that the death penalty was no longer applicable; that the petitioner's brother, Tonie Future, would not be subject to the death penalty; and that the Commonwealth would exercise its best efforts to have petitioner serve his sentence in a federal prison.

On February 1, 2010, this court issued an order which stated that petitioner was to continue to be housed as a Lackawanna County prisoner at Monroe County Prison until further order of court. On March 10, 2010, the Commonwealth filed a petition to release petitioner to a state correctional institution. The petition stated that petitioner would continue to cooperate with both state and federal authorities, and in return the Federal Bureau of Investigation (FBI) would seek to sponsor petitioner into a federal prison. The Commonwealth maintains that petitioner ceased cooperating on March 8, 2010. On March 11, 2010, this court entered an order granting the Commonwealth's petition, and petitioner has been housed in a state correctional facility ever since.

On or about November 10, 2010, petitioner filed a *pro se* PCRA petition. On January 12, 2011, attorney Kurt Lynott was appointed as petitioner's counsel. On April 12, 2011, this court issued an order granting attorney Lynott's withdrawal as court appointed counsel, which was accompanied by attorney Lynott's Turner/Finley letter. Subsequently, on May 8, 2011, petitioner filed a *pro se* petition for reconsideration of this court's order to permit counsel to withdraw. On February 5, 2013, petitioner filed a *pro se* petition seeking the court's assistance in having new counsel appointed for purposes of his PCRA. On February 6, 2013, this court issued an order appointing attorney Christopher Osborne as new counsel for petitioner

for his PCRA.

On June 4, 2013, attorney Osborne filed a petition to withdraw as counsel, along with a Turner/Finley letter. On June 7, 2013, this court issued an order granting attorney Osborne's withdrawal. On that same day, this court also issued an order denying Petitioner's PCRA. Petitioner was not provided with copies of the June 7, 2013 orders denying his PCRA petition or attorney Osborne's petition to withdraw or Turner/Finley letter. Petitioner also was not advised of his right to appeal the court's June 7, 2013 order, nor could he be since he did not receive a copy of the order.

On September 26, 2013, petitioner filed an amended PCRA where he maintained ineffective assistance of counsel related to the entry of the guilty plea and the failure of the Commonwealth to abide by the terms of the plea agreement. On October 10, 2013, this court appointed attorney Terrence McDonald, as counsel, to represent petitioner related to the amended PCRA and the current *nunc pro tunc* PCRA.

On May 29, 2014, a PCRA evidentiary hearing was held before this court on petitioner's current *nunc pro tunc* PCRA. Petitioner testified on his own behalf that day, and following his testimony the hearing was continued to August 29, 2014. On that day, the petitioner rested and the Commonwealth called two witnesses, Lawrence Whitehead (hereinafter "agent Whitehead"), special agent with the FBI in Scranton, Pennsylvania, and Gene Talerico, Esq., first assistant district attorney in Lackawanna County.

## LEGAL ARGUMENTS OF THE PARTIES

### Petitioner's Argument

Petitioner argues in his *nunc pro tunc* petition for PCRA that 1) defense counsel "induced [petitioner] to plead guilty saying it would avoid the death penalty even though the death penalty was not applicable to the case at the time the advice was given", 2) that petitioner's "Guilty Plea was unlawfully induced since defendant plead guilty to first degree murder to avoid the death penalty when the death penalty was not applicable at the time", 3) the "Commonwealth violated the plea agreement by failing to make its best efforts to have [petitioner] housed in a federal penitentiary", and 4) "[petitioner] did not receive notice of the court's dismissal of his PCRA or his right to appeal same, and if [petitioner's] *nunc pro tunc* petition is not granted, he seeks reinstatement of his appellate rights to file a *nunc pro tunc* appeal to the court's June 7, 2013 denial of [petitioner's] petition for post sentence collateral relief." Joint post evidentiary hearing brief related to defendant, Jeffrey Future's *nunc pro tunc* petition for post conviction collateral relief, at 4.

### Commonwealth's Argument

The Commonwealth argues that this court lacked jurisdiction to hear defendant's PCRA and maintains that the "newly filed *nunc pro tunc* petition would be treated as a second or subsequent PCRA which is untimely. *Id.*, at 5. However, "[w]hile the Commonwealth [acknowledges] that defendant's prior counsel's failure to provide notice of the order dismissing the original PCRA would entitle defendant to reinstatement of his appellate rights to challenge the June 7, 2013 dismissal, it [argues] that the lack of notice does not allow defendant to raise' additional

issues' before this court. *Id.*, at 5. The Commonwealth further argues that "[t]he fact that the death penalty was not on the table at the time he plead guilty was by agreement", and "[h]ad defendant not adhered to the terms of the plea agreement, the Commonwealth maintains it could at that point have sought the death penalty at trial." *Id.*, at 8. Regarding defendant's claim that the Commonwealth violated the plea agreement, the Commonwealth argues that it "exercised its best efforts to have defendant housed in a federal prison, but when defendant stopped cooperating with the federal authorities that ultimately prevented any possibility of defendant being housed federally." *Id.*, at 11.

## LEGAL STANDARD

Post-Conviction Collateral Relief and Time-Limitations for Filing a PCRA Claim

The Post-Conviction Collateral Relief Act ("PCRA") generally provides the sole means of collateral relief from allegedly illegal sentences. 42 Pa. C.S.A. § 9542; *Commonwealth v. Martorano*, 89 A.3d 301, 306 (Pa. Super. 2014); *Commonwealth v. Bennett*, 593 Pa. 382, 387, 930 A.2d 1264, 1267 (Pa. 2007). To prevail on a petition for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.A. § 9543(a)(2). *Commonwealth v. Spotz*, 610 Pa. 17,44,18 A.3d 244,259 (Pa. 2011). These circumstances include ineffectiveness of counsel that so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place or a plea of guilty unlawfully induced where the inducement caused the petitioner to plead guilty

and the petitioner is innocent. 42 Pa.C.S. § 9543(a)(2)(ii)-(iii).

A petition filed pursuant to the PCRA, "including a second or subsequent petition, shall be filed within one year of the date of the judgment becomes final." 42 Pa. C.S.A. § 9545(b)(1); *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013); *Bennett*, 593 Pa. at 388, 930 A.2d at 1267.[1] The PCRA time-bar is jurisdictional in nature, and is not subject to equitable exceptions.[2] *Commonwealth v. Ligons*, 601 Pa. 103, 169, 971 A.2d 1125, 1164 (2009) (quoting *Commonwealth v. Rienzi*, 573 Pa. 503, 507, 827 A.2d 369, 371 (2003)); *Bennett*, 593 Pa. at 388, 930 A.2d at 1267; *Commonwealth v. Reed*, 2014 PA Super 280 (Dec. 19, 2014). "Jurisdictional time limitations are mandatory and interpreted literally; thus a court has no authority to extend filing periods except as the statute permits." *Reed*, 2014 PA Super 280 (Dec. 19, 2014). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania

---

1. Under the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa. C.S.A. § 9545(b)(3); *See also Com. v. Johnson*, 2008 WL 7279876, at ¶¶2-3; *Com. v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006); *Com. v. Wharton*, 584 Pa. at 584, 886 A.2d at 1124. After the Pennsylvania Supreme Court denies a petition for allowance of appeal, the petitioner has 90 days to seek discretionary review by the United States Supreme Court. U.S. Sup. Ct. R.13; *Commonwealth v. Frey*, 41 A.3d 605, 2012 Pa. Super. 66 (2012).

2. "When a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Com v. Pollard*, 911 A.2d at 1007 (quoting *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000)).

courts are without jurisdiction to consider the merits of the petition." *Id.*; *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012).

There are three exceptions to the one-year limitation contained in 42 Pa. C.S.A. § 9545(b). "These exceptions extend the one-year time limitation under limited circumstances, reflecting that the Legislature also recognized that situations might arise when the one-year time limitation must yield." *Bennett*, 593 Pa. at 388, 930 A.2d at 1267. 42 Pa.C.S.A. § 9545 provides in relevant part:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the constitution or laws of this Commonwealth or the constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S.A. § 9545(b)(1)(i)-(iii).

PCRA Claims for Ineffective Assistance of Counsel in Connection with a Guilty Plea

A PCRA claim may be made with respect to ineffective assistance of counsel. Counsel is presumed to be effective, unless the petitioner proves otherwise. *Commonwealth v. Hanible*, 612 Pa. 183, 205, 30 A.3d 426, 439 (Pa. 2011); *Commonwealth v. Zaksuk-Deulofuet*, 2010 WL 8585488. The petitioner must plead and prove by the preponderance of the evidence that "the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Rivers*, 567 Pa. 239, 244, 786 A.2d 923, 926 (Pa. 2001). Claims of counsel's ineffectiveness must be pled with specificity. *Commonwealth v. Brian*, 744 A.2d 713,716 (Pa. 2000).

To meet 42 Pa. C.S.A. § 9543(a)(2)(ii)'s standard for ineffective assistance of counsel, Petitioner must demonstrate: "(1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e., that there is a reasonable probability that, but for the act or omission in question the outcome of the proceeding would have been different." *Commonwealth v. Ford*, 570 Pa. 378, 387, 809 A.2d 325, 330-31 (Pa. 2002) (citing *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999)); *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa. Super. 2004). "All three prongs of [the] test must be satisfied. If a [petitioner] fails to meet even one prong of the test, his conviction will not be reversed on the basis of ineffective assistance of counsel." *Gonzalez*, 858 A.2d at 1222.

The Superior Court set forth the standard for a guilty plea to be valid in *Commonwealth v. Prendes*:

> To be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered. A manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and under standingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, inter alia, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (citations omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v.*

*Hickman*, 799 A.2d 136,141 (Pa. Super. 2002). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* Therefore, to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013). This is not a stringent test, but instead "refers to a probability sufficient to undermine confidence in the outcome." *Id.*

PCRA Claims for Unlawfully Induced Guilty Plea

A PCRA claim may also be made with respect to an unlawfully induced guilty plea. Pa.C.S.A. § 9543(a)(2)(3) "provides that in order to be eligible for PCRA relief, the petitioner's conviction or sentence must have resulted from [a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." *Commonwealth v. Laszcynski*, 715 A.2d 1185, 1187 (Pa. Super. 1998); Pa.C.S.A. § 9543(a)(2)(3).

## LEGAL ANALYSIS

Petitioner's judgment became final on January 19, 2010, and petitioner's current *nunc pro tunc* PCRA Petition was filed on September 26, 2013. Since a second or subsequent PCRA petition must be filed within one year of the date the judgment becomes final, the current PCRA petition is considered untimely and shall be dismissed unless the petitioner can prove one of the exceptions contained in 42 Pa. C.S.A. § 9545(b). 42 Pa. C.S.A. § 9545(b)(1); *Cintora*,

69 A.3d at 762; *Bennett*, 593 Pa. at 388, 930 A.2d at 1267. After review of all and consideration of the pleadings and the arguments of Counsel, we hold that petitioner failed to prove any of the three (3) exceptions contained in 42 Pa. C.S.A. § 9545(b). Petitioner's petition failed to show any interference by government officials, that the facts upon which the claim is predicated were unknown to Petitioner and could not have been ascertained by due diligence, or that the right asserted is a constitutional right to apply retroactively. 42 Pa. C.S.A. § 9545(b).

However, we find that because of petitioner's former counsel's failure to notify him of the June 7, 2013 order dismissing his PCRA or of his right to appeal, petitioner's appellate rights should be reinstated to appeal the denial of his initial *nunc pro tunc* PCRA. The rationale of this holding is outlined below.

Ineffective Assistance of Counsel Because of Unlawfully Induced Guilty Plea

Petitioner argues that his "guilty plea was unlawfully induced since [petitioner] pled guilty to first degree murder to avoid the death penalty when the death penalty was not applicable at the time." Joint post evidentiary hearing brief related to defendant, Jeffrey Future's *nunc pro tunc* petition for post conviction collateral relief, at 5. Petitioner further argues that the death penalty was not applicable at the time he pled guilty because Pennsylvania Rules of Criminal Procedure Rule 801[3] and 802[4] were not

---

3. Pennsylvania Rules of Criminal Procedure Rule 801 states that "before an attorney may participate in any stage of [a capital case] either as retained or appointed counsel, the attorney must meet the educational and experiential criteria set forth in [the] rule." Pa. R. Crim. P. 801.

4. Pennsylvania Rules of Criminal Procedure Rule 802 states that

complied with. *Id.*, at 6. The Commonwealth maintains that since the plea deal removed the death penalty from the table at the time petitioner pled guilty, a "Rule 802 notice was not filed because the parties already had an agreement so it was not necessary to file same." *Id.*, at 8. The Commonwealth also maintains that petitioner had constructive notice of the aggravating circumstances which made his case a capital case, and therefore there was no prejudice for failing to file the Rule 802 even if same was necessary despite the agreement reached." *Id.*

At petitioner's PCRA hearing, Gene Talerico discussed the plea agreement between the Commonwealth and petitioner. *See* N.T. PCRA Hearing, 8/29/14, at 49-52. Mr. Talerico testified that the plea deal involved Petitioner pleading guilty to the charge of first degree murder in exchange for the following: (1) the Commonwealth would not seek imposition of the death penalty on petitioner; (2) the Commonwealth would not seek imposition of the death penalty against petitioner's brother in a related case; and (3) the Commonwealth would make its best efforts to have petitioner serve his life sentence in a federal penitentiary. *Id.*, at 50-51. First degree murder is punishable by death or a term of life imprisonment in accordance with 42 Pa.C.S.A. § 9711. 42 Pa.C.S.A. § 1102. Petitioner was being charged with first degree murder, which may be punishable by death. Therefore, petitioner's argument that his guilty plea was unlawfully induced because he pled

---

"[t]he attorney for the Commonwealth shall file a notice of aggravating circumstances that the Commonwealth intends to submit at the sentencing hearing and contemporaneously provide the defendant with a copy of such notice of aggravating circumstances. Notice shall be filed at or before the time of arraignment or the time for filing is extended by the court for cause shown. Pa. R..Crim. P. 802.

guilty to first degree murder to avoid the death penalty when the death penalty was not applicable at the time is without merit. Petitioner could have easily been charged with the death penalty had he not entered a plea agreement with the Commonwealth.

However, because part of the plea agreement included that the Commonwealth would not pursue the death penalty against petitioner, the death penalty was not on the table in petitioner's case. Pa. R.Crim.P. 802 requires that the Commonwealth must file a notice of aggravating circumstances that it intends to submit at the sentencing hearing and to provide the defendant with a copy of the notice in a case where it intends to seek the death penalty. *Commonwealth v. Edwards*, 588 Pa. 151, 186-87,903 A.2d 1139, 1159-60 (2006). Since petitioner and the Commonwealth reached an agreement removing the death penalty from the case, the Commonwealth was not required to file a Rule 802 notice of aggravating circumstances. Thus, Pa.R.Crim.P 801, requiring the attorney for the Commonwealth to be death penalty certified, is also inapplicable because petitioner was not being charged with the death penalty.

Commonwealth's Violation of the Plea Agreement Claim

Petitioner argues that the Commonwealth "breached the affirmative duty it had to honor the promises it made to him in exchange for his guilty plea" by "failing to make its best efforts to have [petitioner] housed in a federal penitentiary." Joint post evidentiary hearing brief related to defendant, Jeffrey Future's *nunc pro tunc* petition for post conviction collateral relief, at 9. In exchange for

petitioner's co-operation with the FBI, the Commonwealth agreed to make its best efforts and exercise in good faith to have petitioner housed in a federal prison. However, agent Whitehead testified that petitioner ceased cooperation with federal officials by refusing to go before a grand jury, refusing to participate in further investigative matters, and refusing to provide testimony against a codefendant in the matter. *See* N.T. PCRA Hearing, 8/29/14, at 17. We find no merit in petitioner's claim that the Commonwealth violated the plea agreement. Since petitioner discontinued his cooperation with federal officials, the Commonwealth was no longer required to continue exercising its best efforts to have petitioner housed in a federal penitentiary.

Reinstatement of Appellate Rights

Both petitioner and the Commonwealth agree that petitioner's former counsel failed to provide petitioner with a copy of the court's June 7, 2013 order and counsel's Turner/Finley letter or petition to withdraw. Joint post evidentiary hearing brief related to defendant, Jeffrey Future's *nunc pro tunc* petition for post conviction collateral relief, at 12. As a result, petitioner was unaware of his right to appeal the order. *Id.* Petitioner and the Commonwealth are in agreement for reinstatement of petitioner's appellate rights of this court's June 7, 2013 order dismissing the initial PCRA. *Id.*, at 12-13. The due process clause of the fourteenth amendment provides that no State shall deprive any person of life, liberty, or property, without due process of law. *Commonwealth v. Turner*, 80 A.3d 754, 763 (2013); *Commonwealth v. Burkett*, 5 A.3d 1260, 1276 (Pa. Super. 2010). While "there is no constitutional mandate that a state provide a method to collaterally attack a conviction...once a procedure is

provided, those procedures are required to meet basic and fundamental due process requirements." *Burkett*, 5 A.3d at 1276. We find that failing to provide petitioner with an adequate opportunity to appeal the June 7, 2013 order of this court dismissing his initial PCRA would be a deprivation of his constitutional rights, specifically the due process clause of the fourteenth amendment. Therefore, petitioner's appellate rights of this court's June 7, 2013 denial of petitioner's initial PCRA are reinstated.

Petitioner failed to prove any exceptions contained in 42 Pa. C.S.A. § 9545(b), and since the current *nunc pro tunc* PCRA was filed on September 26, 2013, much over the one year limitation from the date petitioner's judgment became final, it is untimely. However, since petitioner's former counsel failed to notify him of the June 7, 2013 order denying his PCRA, We find that petitioner's appellate rights should be reinstated. Petitioner's *nunc pro tunc* petition for post conviction relief is denied, and it is ordered that petitioner's appellate rights are reinstated for his initial PCRA that was filed on February 5, 2013 and resolved by this court's order of June 7, 2013. An appropriate order follows.

## ORDER

And now, on this 2nd day of February 2015, upon consideration of the *nunc pro tunc* petition for post conviction relief of petitioner Jefferey Future, the Commonwealth's response thereto, and arguments of the parties, it is hereby ordered and decreed as follows:

1. Petitioner's request for *nunc pro tunc* post conviction relief is denied; and

2. Petitioner's appellate rights are reinstated to file a *nunc pro tunc* appeal to this court's June 7, 2013 denial of petitioner's petition for post sentence collateral relief, due to petitioner never having received notice of this court's June 7, 2013 order.