**COMMONWEALTH of Pennsylvania,**
**Appellant**

**v.**

**Stacey A. MARTORANO, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 21, 2013.

Filed April 4, 2014.

**302**

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Joseph K. Kelly, Philadelphia, for appellee.

BEFORE: PANELLA, MUNDY and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

The Commonwealth appeals from an order denying its petition for a writ of *certiorari.* The petition requested that the Court of Common Pleas vacate an order by the Philadelphia Municipal Court granting the first Post Conviction Relief Act[1] ("PCRA") petition of Appellee Stacey A. Martorano. The Commonwealth contends that the Philadelphia Municipal Court has no subject matter jurisdiction over PCRA petitions. It is with the utmost reluctance that we hold that the Philadelphia Municipal Court lacks subject matter jurisdiction to entertain PCRA petitions, which are civil in nature. We are thus constrained to reverse the order by the Court of Common Pleas denying the Commonwealth's petition for a writ of *certiorari* and vacate the Philadelphia Municipal Court's order granting PCRA relief to Appellee.[2]

We state the facts and procedural history, as set forth by the Court of Common Pleas:

> On February 11, 2011, [Appellee] pled guilty in the Philadelphia Municipal Court to Driving Under the Influence of a Controlled Substance in violation of 75 Pa.C.S.A. § 3802. On September 2, 2011, the Philadelphia Municipal Court sentenced [Appellee] to a term of 72 hours to six months incarceration with immediate parole after serving 72 hours of incarceration. The Philadelphia Municipal Court also levied a $1,000 fine on [Appellee] and a twelve month automobile license suspension. [Appellee's] sentence has not expired.
>
> The incident at issue here involving the defendant occurred on August 12, 2010 at approximately 11:40 p.m., when two Philadelphia police officers, Arthur Weston (Officer Weston) and Judy Caldwell (Officer Caldwell), observed [Appellee] in a green Ford Escort disregard a stop sign at the intersection of Tenth and Wharton Streets in Philadelphia. Officers Weston and Caldwell stopped the Ford Escort vehicle. Upon the stop, Officers Weston and Caldwell found [Appellee] to have watery eyes and slurred speech. Officers Weston and Caldwell arrested [Appellee] on suspicion of driving under the influence. Upon a search of [Appellee] incident to the arrest, the Officers found two bags of marijuana in

---

* Former Justice specially assigned to the Superior Court.

1. 42 Pa.C.S. §§ 9541–9546.

2. We are acutely aware of the significant ramifications of our holding. Remedying this un-fortunate and, we trust, unintended result, requires either legislative or Supreme Court action to permit the Philadelphia Municipal Court to exercise jurisdiction over PCRA petitions. *See generally* 42 Pa.C.S. § 503.

her pocket. [Appellee] admitted to Officers Weston and Caldwell that she had "smoked weed." [Appellee] was charged with Driving Under the Influence; Possession of a Controlled Substance; and other drug related charges. On February 11, 2011, [Appellee] entered into a negotiated guilty plea to two counts of Driving Under the Influence under 75 Pa.C.S.A. § 3802(d)(1) and (2).

On September 6, 2011, [Appellee] filed an appeal to [the Philadelphia County Court of Common Pleas]. On January 4, 2012, [the Court of Common Pleas] quashed [Appellee's] appeal because she had pled guilty. On January 20, 2012, [Appellee] filed this petition pursuant to the Post Conviction Relief Act (PCRA)[,] 42 Pa.C.S. § 9541 et seq.[,] asserting that her counsel had provided ineffective assistance of counsel by advising her to plead guilty. On January 20, 2012, Judge Joseph J. O'Neill of the Philadelphia Municipal Court granted a stay of [Appellee's] sentence until further notice based on [Appellee's] medical issues. On July 9, 2012, Judge O'Neill held an evidentiary hearing. On December 21, 2012, Judge O'Neill granted [Appellee] relief under the PCRA by vacating [Appellee's] judgment of sentence and ordering that [Appellee] be allowed to withdraw her guilty plea and proceed to trial.

On January 18, 2013, the Commonwealth filed a writ of *certiorari* to [the Court of Common Pleas]. On January 24, 2013, Judge O'Neill issued his Opinion in support of his December 21, 2012 Order. On February 22, 2013, Judge O'Neill issued a [well-written] Supplemental Opinion addressing the Commonwealth's position that the Philadelphia Municipal Court lacks subject matter jurisdiction to adjudicate a PCRA petition even where the Municipal Court imposed the underlying judgment of sentence for a misdemeanor offense.

On April 8, 2013, after a hearing, [the Court of Common Pleas] denied the Commonwealth's Motion to Dismiss and affirmed Judge O'Neill's grant of relief to [Appellee] under the PCRA.

Trial Ct. Op., 6/13/13, at 1–2.[3]

On May 7, 2013, the Commonwealth filed a timely appeal and a Pa.R.A.P. 1925(b) statement. The Commonwealth raises the following issue:

Does the Municipal Court have subject matter jurisdiction to conduct a PCRA proceeding?

Commonwealth's Brief at 2.

■ The Commonwealth maintains that a defendant sentenced by the Philadelphia Municipal Court must file a PCRA petition with the Court of Common Pleas. It suggests that the Municipal Court, therefore, lacked subject matter jurisdiction to entertain and grant relief on Appellee's PCRA petition. In support, the Commonwealth relies on the statute delineating the jurisdiction of the Municipal Court and the PCRA statute's jurisdictional mandate. After careful consideration of the applicable statutory language, we are reluctantly compelled to hold the Commonwealth is entitled to relief.

■ Because statutory interpretation is a question of law, the standard of review is *de novo*.

When analyzing a statute, we are guided by the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.* The purpose of statutory construction is to ascertain

---

**3.** Appellee's PCRA petition was not transmitted to this Court as part of the certified record.

and effectuate the intent of the General Assembly. The language employed by the General Assembly is the best indication of its intent. When the words of a statute are clear and free from all ambiguity, the letter is not to be disregarded under the pretext of pursuing its spirit. Therefore, we consider other aspects of the statute and the statutory process only when the words are not explicit. If this is the case, we may discern the General Assembly's intent by considering, *inter alia*, the various factors enumerated in 1 Pa.C.S. § 1921(c).

*Commonwealth v. Walls*, 592 Pa. 557, 566, 926 A.2d 957, 962 (2007) (citations omitted). "Provisions decreasing the jurisdiction of a court of record" "shall be strictly construed." 1 Pa.C.S. § 1928(b)(7). We are also cognizant that parts of statutes that relate to the same thing must be construed together. 1 Pa.C.S. § 1932 ("Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things" and "shall be construed together, if possible"); *see Commonwealth v. Hennigan*, 753 A.2d 245, 258–59 (Pa.Super.2000) (construing subsections of statute *in pari materia* ).

We briefly state the following as background regarding the Philadelphia Municipal Court:

> The unquestioned purpose of the establishment of a Municipal Court in Philadelphia was to relieve the congestion and backlog that was plaguing the existing system within the County. In an effort to expedite the disposition of cases in the criminal area this new court was given jurisdiction over the less serious charges and permitted to dispose of

them without the requirement of providing trials by jury. However, to avoid conflict with the constitutional right of trial by jury, an unfettered right to a trial with jury was provided for those litigants who were not satisfied with the disposition of the Municipal Court. Thus, the benefit to be derived from the new system, aside from the additional judicial manpower it provided, was dependent upon both the new tribunal's capacity to expedite dispositions and the percentage of litigants willing to accept the decisions of that tribunal as final.

*Commonwealth v. Harmon*, 469 Pa. 490, 496–97, 366 A.2d 895, 898–99 (1976) (footnotes omitted).

The Pennsylvania Constitution states that the Philadelphia Municipal Court's jurisdiction is defined by statute. Pa. Const. art. V, § 6(c) (stating law defines Philadelphia Municipal Court's jurisdiction). We reproduce the relevant portions of the jurisdictional statute in effect at the time of the Commonwealth's notice of appeal:[4]

(a) **General rule.**—Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), the Philadelphia Municipal Court shall have jurisdiction of the following matters:

(1) Summary offenses, except those within the jurisdiction of the Traffic Court of Philadelphia and those arising out of the same episode or transaction involving a delinquent act for which a petition alleging delinquency is filed under Chapter 63 (relating to juvenile matters).

(2) Criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are

---

4. Section 1123 was amended on June 19, 2013, to omit a reference to the Traffic Court of Philadelphia and to expand the Municipal Court's jurisdiction to include summary of-

fenses under Title 75. *See* 2013, June 19, P.L. 55, No. 17, § 3, 2013 Pa. Legis. Serv. 2013–17 (West).

punishable by imprisonment for a term of not more than five years, including indictable offenses under Title 75 (relating to vehicles). In cases under this paragraph the defendant shall have no right of trial by jury in the municipal court, but shall have the right of appeal for trial de novo, including the right of trial by jury, to the court of common pleas. The judges of the municipal court exercising jurisdiction under this paragraph shall have the same jurisdiction in probation and parole arising out of sentences imposed by them as judges of the court of common pleas.

\* \* \*

(4) Civil actions, except actions by or against a Commonwealth party as defined by section 8501 [5] (relating to definitions), wherein the sum demanded does not exceed $12,000, exclusive of interest and costs, in the following classes of actions:

(i) In assumpsit.[6]

(ii) In trespass,[7] including all forms of trespass and trespass on the case.

(iii) For fines and penalties by any government agency.

A plaintiff may waive a portion of his claim of more than $12,000 so as to bring the matter within the monetary jurisdiction of the municipal court. Such waiver shall be revoked automatically if the defendant appeals the final order of the municipal court. In cases under this paragraph the defendant shall have no right of trial by jury in the municipal court, but shall have the right to appeal for trial de novo, including the right of trial by jury, to the court of common pleas, in accordance with local rules of court established by the administrative judge of the trial division. These rules shall not be inconsistent with Statewide rules of procedure as established by the Supreme Court. It is the purpose of this paragraph to establish an expeditious small claims procedure whereby it shall not be necessary for the litigants to obtain counsel. Judgments by confession shall not be entered in the municipal court.

42 Pa.C.S. § 1123(a).[8]

Section 1123(b) also addresses the Municipal Court's jurisdiction:

**(b) Concurrent and exclusive jurisdiction.**—The jurisdiction of the municipal court under this section shall be concurrent with the Court of Common Pleas of Philadelphia County except with respect to matters specified in subsection (a)(2), as to which the jurisdiction of the municipal court shall be ex-

---

**5.** Section 8501 defines "Commonwealth party" as follows: "A Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501. "The [C]ommonwealth and its agencies are distinct legal entities." *Tork–Hiis v. Commonwealth,* 558 Pa. 170, 177, 735 A.2d 1256, 1259 (1999) (construing, *inter alia,* 42 Pa.C.S. § 8501, in resolving whether party could substitute Commonwealth agency in lieu of Commonwealth in civil action).

**6.** Assumpsit is defined as a "common-law action for breach of such a promise or for breach of a contract." Black's Law Dictionary 142 (9th ed. 2009).

**7.** Trespass is defined as follows: "At common law, a legal action for injuries resulting from an unlawful act" "committed against the person or property of another." Black's Law Dictionary 1642 (9th ed. 2009).

**8.** Subsection (3) addresses landlord-tenant matters. *See* 42 Pa.C.S. § 1123(a)(3). Subsections (5) and (5.1) address the subject of court magistrates. *See id.* at § 1123(a)(5)-(5.1). Subsection (6) bestows limited jurisdiction over certain tax cases. *See id.* at § 1123(a)(6). Subsections (7) and (8) permit the Municipal Court to entertain certain types of nuisance cases. *See id.* at § 1123(a)(7)-(8).

clusive except as otherwise prescribed by any general rule adopted pursuant to section 503.

42 Pa.C.S. § 1123(b).[9] In other words, the Philadelphia Municipal Court has concurrent jurisdiction with the Philadelphia County Court of Common Pleas over the matters set forth under section 1123(a). *See id.*

The statute defining the jurisdiction of the courts of common pleas is similar:

(a) **General rule.**—Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters) vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas.

(b) **Concurrent and exclusive jurisdiction.**—The jurisdiction of the courts of common pleas under this section shall be exclusive **except with respect to actions and proceedings concurrent jurisdiction of which is by statute** or by general rule adopted pursuant to section 503 vested in another court of this Commonwealth or in the magisterial district judges.

42 Pa.C.S. § 931(a)-(b) (emphasis added). In sum, the courts of common pleas have original and exclusive jurisdiction of all actions and proceedings, unless a statute vests concurrent jurisdiction in another court of this Commonwealth—such as the Philadelphia Municipal Court. *See id.; see also* 42 Pa.C.S. § 1123(b).

With respect to the PCRA, jurisdiction is set forth by 42 Pa.C.S. § 9545(a):

(a) **Original jurisdiction.**—Original jurisdiction over a proceeding under this subchapter shall be in **the court of common pleas.** No court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter.

42 Pa.C.S. § 9545(a) (emphasis added).

 A PCRA petition is, generally, "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542. In *Commonwealth v. Haag*, 570 Pa. 289, 809 A.2d 271 (2002), our Supreme Court opined as follows:

The PCRA system is not part of the criminal proceeding itself, but is, in fact, civil in nature. The purpose of the PCRA is to provide an action for persons convicted of crimes they did not commit and persons serving illegal sentences to obtain relief. The prisoner initiates the proceedings and bears the burden of proving, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the PCRA's specifically enumerated errors and that the error has not been waived or previously litigated.

*Haag*, 570 Pa. at 310, 809 A.2d at 284 (quotation marks and citations omitted); *see also Commonwealth v. Hill*, 609 Pa. 410, 428 n. 14, 16 A.3d 484, 495 n. 14 (2011) (observing that PCRA is civil case in discussing whether to remand for filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc* under Pa.R.A.P. 1925(c)(3)).

9. Section 503 provides "for the assignment and reassignment of classes of matters among the several courts of this Commonwealth and the magisterial district judges as the needs of justice shall require...." 42 Pa.C.S. § 503.

We acknowledge that "[g]enerally, it is deemed preferable for the same judge who presided at trial to preside over the post-conviction proceedings since familiarity with the case will likely assist the proper administration of justice." *Commonwealth v. Abu–Jamal,* 553 Pa. 485, 510, 720 A.2d 79, 90 (1998). Indeed, the Rules of Criminal Procedure govern PCRA proceedings. *See, e.g.,* 42 Pa.C.S. § 9501 (providing that all post-trial matters relating to any criminal proceedings are governed by rules of criminal procedure); Pa. R.Crim.P. 903(A) (stating court should forward PCRA "petition and the criminal case file to the trial judge, if available, or to the administrative judge, if the trial judge is not available.").

Instantly, before addressing whether the Philadelphia Municipal Court has subject matter jurisdiction over Appellee's PCRA petition, we reiterate that our Supreme Court opined that the PCRA system is civil in nature. *See Haag,* 570 Pa. at 310, 809 A.2d at 284. It necessarily follows that a PCRA petition is inherently civil, as well.[10] *See id.*

Given our Supreme Court's position regarding the civil nature of the PCRA system, we next construe the statute bestowing jurisdiction on the Philadelphia Municipal Court. Section 1123(a) states that the Philadelphia Municipal Court "shall" have jurisdiction over the matters set forth in subsections (1) through (9). Subsections (1) and (2) of 42 Pa.C.S. § 1123(a) grant Municipal Court jurisdiction over summary and criminal offenses. *See* 42 Pa.C.S. § 1123(a)(1)-(2). Because

the PCRA is civil in nature, subsections (1) and (2) are inapplicable. *See Haag,* 570 Pa. at 310, 809 A.2d at 284.

Subsection (4), however, permits the Municipal Court to entertain civil breach of contract and tort claims involving damages of less than $12,000, unless those claims are against Commonwealth agencies and their employees. *See* 42 PaC.S. § 1123(a)(4); 42 Pa.C.S. § 8501. We initially note that the Commonwealth· is a legal entity distinct from any Commonwealth agency, and thus, the limiting clause in subsection (4) does not apply. *See Tork–Hiis,* 558 Pa. at 177, 735 A.2d at 1259. Because a proper PCRA petition, however, seeks collateral relief from a criminal conviction, it typically does not raise claims sounding in contract or tort.[11] *Cf.* 42 Pa.C.S. § 9542. Thus, subsection (4) does not permit the Philadelphia Municipal Court to exercise jurisdiction over a PCRA petition, despite its civil nature. Because no party alleges the remaining subsections of section 1123(a) are relevant to our disposition, we address section 1123(b).[12]

Because section 1123(b) addresses jurisdiction, it must be read in conjunction with section 1123(a). *See* 1 Pa.C.S. § 1932; *Hennigan,* 753 A.2d at 258–59. Section 1123(b) establishes that the Municipal Court and the courts of common pleas share **concurrent** jurisdiction over any matters within the scope of 42 Pa.C.S. § 1123(a), but excluding matters within the scope of subsection (a)(2). With respect to any matters outside the scope of section 1123(a), the courts of common

---

10. We note that our Supreme Court has promulgated Rules of Criminal Procedure that govern PCRA proceedings. *See* Pa.R.Crim.P. 900–910.

11. We decline to ascertain whether the claims in a PCRA petition may be construed as classic trespass claims.

12. As set forth in footnote 8, *supra,* subsections (3), (5), (5.1), (6), (7), and (8), are generally civil in nature.

pleas have **exclusive** jurisdiction unless stated otherwise by statute. *See* 42 Pa. C.S. § 931(b). As set forth above, a PCRA petition does not fall within the scope of section 1123(a). It follows that the courts of common pleas have exclusive jurisdiction to entertain PCRA petitions. *See* 42 Pa.C.S. § 931(b).

Our construction is supported by the plain language of 42 Pa.C.S. § 9545(a), which states "[o]riginal jurisdiction over a [PCRA] proceeding ... **shall** be in **the court of common pleas.**" *See* 42 Pa.C.S. 9545(a) (emphases added). Further, the Pennsylvania Constitution differentiates between the Philadelphia Municipal Court and the courts of common pleas. *See* Pa. Const. art. V, § 6(c). Had our legislature intended for the Philadelphia Municipal Court to exercise jurisdiction over PCRA claims, it could have amended the appropriate statutes. In sum, after strictly construing the plain language of 42 Pa.C.S. § 931(a)-(b), 42 Pa.C.S. § 1123(a)-(b), and 42 Pa.C.S. § 9545(a), we are constrained by the applicable standard of review to hold that the Philadelphia Municipal Court does not have subject matter jurisdiction to entertain the instant PCRA petition.[13] *See* 1 Pa.C.S. § 1928(b)(7); *Walls*, 592 Pa. at 566, 926 A.2d at 962. Accordingly, it is with great reluctance that we reverse the

order by the Philadelphia County Court of Common Pleas denying the Commonwealth's petition for a writ of *certiorari* and vacate the order of the Philadelphia Municipal Court granting relief to Appellee.

Order reversed. Jurisdiction relinquished.

---

13. Although not pertinent to our statutory construction, we acknowledge three items. First, the Commonwealth does not address the implications of its jurisdictional argument in light of Pa.R.Crim.P. 903(A), which provides that the judge who presided over the defendant's criminal case should consider that defendant's PCRA petition. *See* Pa. R.Crim.P. 903(A); *see also Abu–Jamal*, 553 Pa. at 510, 720 A.2d at 90. The presiding judge typically had the opportunity to witness first-hand the relevant events and thus is ideally positioned to address the merits raised in the defendant's petition "since familiarity with the case will likely assist the proper administration of justice." *See Abu–Jamal*, 553 Pa. at 510, 720 A.2d at 90. Second, the

Commonwealth, unlike Appellee, did not acknowledge the practice of having Philadelphia Municipal Court judges entertain PCRA petitions. Because the purpose of the Philadelphia Municipal Court is "to relieve the congestion and backlog" in the Philadelphia County Court of Common Pleas, *see Harmon*, 469 Pa. at 496–97, 366 A.2d at 898–99, the practice is eminently reasonable and it is counterintuitive to not have the Philadelphia Municipal Court exercise jurisdiction over PCRA petitions in cases finally resolved by it. Third, we are surprised that the Commonwealth did not challenge the Philadelphia Municipal Court's jurisdiction prior to the court's grant of relief to Appellee.