J-S28003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAUL JOSEPH SCHAFFER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| YORK COUNTY SHERIFF'S DEPARTMENT, | |
| APPEAL OF: PENNSYLVANIA STATE POLICE | |
| Appellant | No. 1351 MDA 2014 |

Appeal from the Order Entered July 11, 2014
In the Court of Common Pleas of York County
Civil Division at No(s): 2014-SU-001473-49

BEFORE: BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                                     **FILED MAY 05, 2015**

The Pennsylvania State Police, on behalf of the York County Sheriff's Department ("Sheriff's Office"), appeals the July 11, 2014 order, granting Appellee Paul Joseph Schaffer reinstatement of his right to own a firearm. We reverse.

Appellee instituted this action on April 23, 2014, by petitioning to restore his right to obtain a firearms license pursuant to 18 Pa.C.S. § 6105. Section 6105 of the Pennsylvania Crimes Code outlines who may not possess, use, manufacture, control, sell or transfer firearms. That lengthy statute lists numerous offenses that prevent a person from owning a

firearm.  It also sets forth procedures for obtaining restoration of a person's rights to own a firearm.

Appellee averred the following in his petition.  He formerly had a firearms license.  On June 11, 2007, Appellee was charged with driving under the influence of alcohol, a misdemeanor, and with four counts of endangering the welfare of a child, which were graded as third-degree felonies.  The charges arose when Appellee was driving while under the influence of alcohol, with a blood alcohol content over .16%, with his four children in his vehicle.  Appellee attached a docket sheet outlining the charges against him.  The offenses were: 1) one count of DUI, general impairment, first offense, 75 Pa.C.S. § 3802(a)(1); 2) one count of DUI highest rate of alcohol, first offense, 75 Pa.C.S. § 3802(c); and 3) four counts of endangering the welfare of children, 18 Pa.C.S. § 4304(a)(1).

After the charges were filed, the Sheriff's Office served Appellee with notice that his firearms license was revoked and that he would be prosecuted under the Uniform Firearms Act if found in possession of a firearm.  Appellee thereafter relinquished his license to the Sheriff's Office.

At issue herein are the child endangerment charges.  Those were originally listed as third-degree felony counts, but later reduced to first-degree misdemeanors.  Section 4304 (a) states that child endangerment is committed when, "A parent, guardian or other person supervising the

welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." The grading of § 4304 is contained in subsection (b), which provides: "An offense under this section constitutes a misdemeanor of the first-degree. However, where there is a course of conduct of endangering the welfare of a child, the offense constitutes a felony of the third-degree." Since the DUI was a single incident, Appellee's offenses for child endangerment were reduced from third-degree felonies to first-degree misdemeanors since he did not engage in a course of conduct. Neither DUI nor child endangerment is listed as an enumerated offense that prevents a person from owning a firearm under 18 Pa.C.S. § 6105.

The matter proceeded to a hearing.[1] At the hearing, Appellant conceded that Appellee was not prohibited under Pennsylvania law from owning a gun. However, it asserted that federal law prohibited restoration of Appellee's right to own a gun. The trial court disagreed, and, on July 11,

_____

[1] In his petition for restoration of his right to carry a firearm, Appellant relied upon 18 Pa.C.S. § 6105(f), which pertains to people who cannot own a gun due to an involuntary commitment. The trial court then permitted Appellee to proceed under subsection (d), which relates to people who cannot own a gun based upon their commission of a crime.

2014, it granted Appellee's peition. This appeal followed. Appellant raises these questions on appeal:

> A. Was the Appell[ee] prohibited from purchasing or possessing firearms, or obtaining a license to carry concealed firearms, as a result of his Pennsylvania Misdemeanor of the First-degree convictions?
>
> B. Did the trial court lack subject matter jurisdiction to grant the Appell[ee] relief in this case?

Appellant's brief at 4.

Herein, we are construing whether a statutory enactment prevents Appellee from legally owning a firearm. Statutory construction is a question of law and our standard of review is *de novo*. ***Commonwealth v. Martorano***, 89 A.3d 301 (Pa.Super. 2014). Since Appellee can legally own a firearm under Pennsylvania law, Appellant opposes the grant of relief under federal law. Specifically, 18 U.S.C. § 922(g)(1)[2] prohibits a person from possessing firearms if that person was "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[.]" There is an exception to this prohibition in 18 U.S.C. § 921(a)(20)(B), which outlines that "[t]he term 'crime punishable by imprisonment for a term

---

[2]  We are aware that portions of this section have been struck down as unconstitutional, but subsection (g) remains intact. Appellee has not argued that the federal law unconstitutionally impinges on his Second Amendment right to bear arms.

exceeding one year' does not include . . . any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."

As outlined *supra*, § 4304(a) is graded as a first-degree misdemeanor. A first-degree misdemeanor is punishable by a maximum term of five years. 18 Pa.C.S. § 1104(a). ("A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than . . . [f]ive years in the case of a misdemeanor of the first-degree."). Even though Appellee's crimes carried a five rather than two year maximum, the trial court herein concluded that Appellee's child endangerment offense carried a maximum of two years imprisonment. It relied entirely upon the 1972 official comment to § 4304 which states, "Present law provides penalties ranging from three years or less. The maximum under the new provision would be 2 years."

When construing a statute, the courts are permitted to consider the official comments to the statute. Nevertheless, those comments are given effect only to the extent that they are consistent with the statute's text. **Commonwealth v. Moran**, 104 A.3d 1136, 1145 (Pa. 2014). Specifically, 1 Pa.C.S. § 1939 (emphasis added) provides,

> The comments or report of the commission, committee, association of other entity which drafted a statute may be consulted in the construction or application of the original provisions of the statute if such comments or report were

published or otherwise generally available prior to the consideration of the statute by the General Assembly, **but the text of the statue shall control in the event of conflict between its text and such comments or report.**

It is apparent from our review of the record that the trial court failed to apprehend that there was an amendment to § 4304 in 1988. That amendment "changed the prescribed penalty from a misdemeanor of the second-degree to a misdemeanor of the first-degree." Historical and Statutory Notes (Act 1988-158 legislation). A second-degree misdemeanor is, in fact, punishable by up to two years imprisonment rather than five years imprisonment. 18 Pa.C.S. § 1104(a). Thus, in 1972, the year of the comment relied upon by the trial court, the maximum penalty was two years. However, in 1988, the grading of reckless endangerment was changed to a first-degree misdemeanor, with a five year maximum sentence.

Appellee committed the child endangerment crimes after the 1988 amendments. Hence, the crimes in question were punishable by up to five years, and 18 U.S.C. § 922(20)(G) did not apply. Appellee is prohibited from owning a firearm under federal law. Accordingly, the trial court lacked the authority to order reinstatement of Appellee's right to a firearm license. ***Pennsylvania State Police v. Paulshock***, 836 A.2d 110, 116 (Pa. 2003) (common pleas court cannot "remove a federal firearms disability in a

proceeding filed pursuant to 18 Pa.C.S. 6105" for restoration of the right to own a firearm).

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2015