J-S45040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD WARRICK, | |
| Appellant | No. 2019 WDA 2015 |

Appeal from the PCRA Order December 15, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos.: CP-02-CR-0011872-2005
GD-15-13964

BEFORE: OLSON, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JULY 12, 2016**

Appellant, Ronald Warrick, appeals *pro se* from the order dismissing his second petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, without a hearing, as untimely.[1] Appellant argues chiefly that his petition for a writ of *habeas corpus* should not have been construed as a PCRA petition. We affirm.

We summarize the factual history of this case briefly for context. A jury convicted Appellant of third degree murder. At his trial there was testimony from the surviving victim, Mohcine El Joufri, which tended to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although dated December 11, 2015, the order was filed and docketed on December 15, 2015. We have amended the caption accordingly.

establish that Appellant fatally shot the decedent, Othmane Lahmamsi, in the course of an attempted robbery during a drug sale. El Joufri testified that Lahmamsi told him they were going to sell six pounds of marijuana to Appellant's cohort, Dave King. (**See** N.T. Trial, 3/14/07, at 49). However, El Joufri further testified, during the course of the supposed sale, Appellant pulled out a gun and said, "Sorry to do this to you, but this is how it's going down." (**Id.** at 55).

In contrast, Appellant testified that when an argument over payment developed, El Joufri and Lahmamsi pulled out guns, and he fired his gun in self-defense. (**See id.** 3/15/07, at 255-56).[2] On March 16, 2007, the jury found Appellant guilty of murder of the third degree.[3] (**See id.** 3/16/07, at 371).

The sentencing court imposed a term of not less than twenty nor more than forty years of incarceration.[4] After Appellant's direct appeal rights were

_____

[2] El Joufri testified that no one except Appellant had a gun. (**See** N.T. Trial, 3/14/07, at 66-67, 71).

[3] The jury acquitted Appellant of all the remaining charges. (**See** N.T. Trial, 3/16/07, at 370-71). King was also convicted of third degree murder. (**See** N.T. Sentencing, 5/21/07, at 31).

[4] Here, the trial court imposed sentence on May 21, 2007. In its Rule 1925(a) statement, the PCRA court references its Notice of Intent to Dismiss, which states that sentence was imposed on May 1, 2007. (**See** PCRA Court Opinion, 1/14/16; **see also** Notice of Intent to Dismiss, 10/15/15, at 2). However, the docket, the sentencing transcript, and the sentencing order, as well as other pleadings in the record referencing the
*(Footnote Continued Next Page)*

reinstated *nunc pro tunc*, this Court affirmed judgment of sentence and our Supreme Court denied allowance of appeal, on July 21, 2010.  The PCRA court denied Appellant's first, counseled PCRA petition on February 29, 2012.  This Court affirmed on October 19, 2012.

On August 18, 2015, Appellant, acting *pro se*, filed the instant petition, which he styled as a petition for writ of *habeas corpus ad subjiciendum*.[5]  After entering a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and receiving Appellant's response, the PCRA court dismissed the petition on December 15, 2015.  This timely appeal followed.[6]

Appellant raises three questions on appeal:

> I. [ ] Did the [PCRA c]ourt err in construing or dismissing [Appellant's] Writ of *Habeas Corpus Ad Subjiciendum* as a Post Conviction Relief Act petition?
>
> II. [ ] Were the [Appellant's] constitutional rights violated where legislative-definition [sic] is too vague?
>
> III. [ ] Did the [c]ourt have [s]tatutory [a]uthorization to impose any sentence?

*(Footnote Continued)* ───────────────

sentence, confirm the imposition of sentence on May 21, 2007.  The discrepancy is not material to our disposition.

[5] "A writ of *habeas corpus ad subjiciendum* is defined as [a] writ directed to someone detaining another person and commanding that the detainee be brought to court.  Black's Law Dictionary 778 (9th ed. 2009)." ***Joseph v. Glunt***, 96 A.3d 365, 367, *appeal denied*, 101 A.3d 787 (Pa. 2014).

[6] The PCRA court did not order Appellant to file a statement of errors.  The court filed its opinion on January 14, 2016, referencing its Notice of Intent to Dismiss, filed on October 15, 2015.  ***See*** Pa.R.A.P. 1925.

(Appellant's Brief, at 9).

At the outset, we note that Appellant's first claim, that his petition for a writ of *habeas corpus* was improperly treated as a PCRA petition, has no merit. Appellant's argument is self-contradictory and, lacking any basis in law or the facts, legally frivolous.

"The action established in this [PCRA] subchapter shall be **the sole means** of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, **including *habeas corpus* and *coram nobis***." 42 Pa.C.S.A. § 9542 (emphases added); *see also Commonwealth v. Martorano*, 89 A.3d 301, 306 (Pa. Super. 2014).

Here, Appellant claims he is not seeking relief provided by the PCRA. Notably, he maintains that he is **not** alleging constitutional violations. (**See** Appellant's Brief, at 12). Nevertheless, on the immediately preceding page of his brief he argues "Appellant believes that his Constitutional Rights were violated[.]" (**Id.** at 11). And on the very next page of this brief, Appellant asserts that his "Fifth and Fourteenth Amendment Rights were violated." (**Id.** at 13).

Similarly, Appellant denies any claim that "the sentence imposed was greater than the lawful maximum[.]" (**Id.** at 12). Yet he complains that he, and **any other** person convicted of murder of the third degree, "has been sentenced to an **unlawful sentence**[.]" (**Id.** at 15) (emphasis added).

- 4 -

The PCRA provides a remedy for the violation of constitutional rights. *See* 42 Pa.C.S.A. § 9543(a)(2)(i). The PCRA also provides a remedy for an illegal sentence. *See* 42 Pa.C.S.A. § 9543(a)(2)(vii); *see also Commonwealth v. Taylor*, 65 A.3d 462, 467 (Pa. Super. 2013) (holding that claim that sentence exceeds the statutory limit "is undoubtedly cognizable under the PCRA.").

In *Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998), our Supreme Court explained:

> [T]he PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA and that any petition seeking relief under the PCRA must be filed within one year of final judgment. . . . [A]s the statute itself provides, the writ continues to exist only in cases in which there is no remedy under the PCRA.

*Id.* at 640.

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; *Commonwealth v. Haun*, 613 Pa. 97, 32 A.3d 697 (2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. *See* [ ] *Peterkin*, *supra*; *see also Commonwealth v. Deaner*, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

*Taylor*, *supra* at 465-66 (footnote and some citations omitted). Aside from caselaw cited for general principles, Appellant offers no pertinent authority in support of his core assertion that the relief he seeks is not afforded by the

PCRA. Furthermore, his claim that he is not seeking relief encompassed within the PCRA is belied by the facts. Accordingly, Appellant's claim is frivolous. The PCRA court properly construed his claim for relief as an untimely PCRA petition. Appellant's first issue does not merit relief.

For Appellant's two remaining issues our standard of review is well-settled. Under our standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. **See Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Colavita**, 993 A.2d 874, 886 (Pa. 2010) (citation omitted).

However, before we may review the merits of a PCRA claim we must determine if the petition was timely filed. Our Supreme Court has stressed that "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Abu–Jamal**, 941 A.2d 1263, 1267–68 (Pa. 2008) (citation omitted), *cert. denied*, 555 U.S. 916 (2008); **see also Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1210 (Pa. 2011) (holding no court has jurisdiction to hear an untimely PCRA petition).

"[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the trial court imposed sentence on May 21, 2007. Our Supreme Court denied Appellant's petition for allowance of appeal on July 21, 2010. Therefore, Appellant's judgment of sentence became final on October 19, 2010, when the ninety-day period for filing a writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S.Sup.Ct.R. 13(1). Appellant then had until October 19, 2011 to file a timely PCRA petition.

Accordingly, Appellant's instant petition, filed on August 18, 2015, is untimely by almost four years. Relying solely on his *habeas corpus* claim, Appellant does not plead or prove any of the statutory exceptions to the PCRA time bar. We are without jurisdiction to review the merits of Appellant's remaining claims. The PCRA court properly treated Appellant's petition for a writ of *habeas corpus* as a PCRA petition and properly dismissed it as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/12/2016</u>