J-S10021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALLEN L. WILKINS, SR. | : | |
| | : | |
| Appellant | : | No. 1305 MDA 2024 |

Appeal from the PCRA Order Entered August 22, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003382-2002

BEFORE: BOWES, J., OLSON, J., and SULLIVAN, J.

JUDGMENT ORDER BY OLSON, J.: **FILED: APRIL 29, 2025**

Appellant, Allen L. Wilkins, Sr., appeals *pro se* from the order entered on August 22, 2024, dismissing his serial petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We previously summarized the procedural history of this case as follows:

> On Case No. CP-22-CR-3382-2002, [Appellant] was convicted by a jury of, among other offenses, [a]ttempted [m]urder and sentenced to 12 to 24 years imprisonment. On direct appeal, this Court affirmed the judgment of sentence. **See Commonwealth v. Wilkins**, 897 A.2d 524 (Pa. Super. 2006). He then filed a petition for allowance of appeal that was denied on July 12, 2006. **See Commonwealth v. Wilkins**, 902 A.2d 1241 (Pa. 2006). Because [Appellant] did not seek discretionary review in the United States Supreme Court, his judgment of sentence became final 90 days after the denial of his petition for allowance of appeal, which would have been October 10, 2006. Since that time, [Appellant] has filed numerous PCRA petitions that have been denied.

*Commonwealth v. Wilkins*, 2019 WL 6825965, at *1 (Pa. Super. 2019) (non-precedential decision).[1]

On June 13, 2024, Appellant filed the current *pro se* PCRA petition at Case No. CP-22-CR-3382-2002. At the time Appellant filed this *pro se* PCRA petition, however, there was already an appeal pending before the Pennsylvania Supreme Court in this same case. More specifically, Appellant filed a petition for allowance of appeal to the Supreme Court on June 7, 2024, which was ultimately denied on February 10, 2025. *Commonwealth v. Wilkins*, 2025 WL 442556 (Pa. 2025). This Court has recognized:

> Pennsylvania law makes clear the [PCRA] court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000). *See also Commonwealth v. Montgomery*, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190

---

[1] We note that Appellant entered a guilty plea to barratry, 18 Pa.C.S.A. § 5109 in 2015 at companion Case No. CP-22-CR-1235-2015. That case is not at issue in the present appeal, but the Commonwealth has asked us to order that Appellant obtain leave of court before any future filings under the PCRA are entertained. **See** Commonwealth's Brief at 7-8 (Appellant "continues to misrepresent facts to the court, engaging in baseless and vexatious litigation" and its "request that this .. Court require Appellant to obtain permission … before lodging any future filings."). The Commonwealth does not cite any legal authority for such a proposition, and we know of none. "The purpose of the PCRA is to provide an action for persons convicted of crimes they did not commit and persons serving illegal sentences to obtain relief. The prisoner initiates the proceedings and bears the burden of proving, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the PCRA's specifically enumerated errors and that the error has not been waived or previously litigated." *Commonwealth v. Martorano*, 89 A.3d 301, 306 (Pa. Super. 2014) (citation omitted). As such, we decline the Commonwealth's suggestion that Appellant obtain leave of court before submitting future PCRA filings.

A.3d 1134 (Pa. 2018) (reaffirming that **Lark** precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." **Commonwealth v. Zeigler**, 148 A.3d 849, 852 (Pa. Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. **Id.** If the petitioner pursues the pending appeal, then the PCRA court is required under **Lark** to dismiss any subsequent PCRA petitions filed while that appeal is pending. **Lark**, **supra**.

Pennsylvania law also states unequivocally that no court has jurisdiction to place serial petitions in repose pending the outcome of an appeal in the same case. **Id. See also Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (stating that holding serial petitions in abeyance pending appeal in same case perverts PCRA timeliness requirements and invites unwarranted delay in resolving cases, as well as strategic litigation abuses).

**Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super. 2019). Here, Appellant pursued an appeal of a prior dismissal of a PCRA petition, did not withdrawal that appeal, and then simultaneously filed a new PCRA petition before the Supreme Court resolved his prior appeal. Accordingly, the PCRA court could not hold the subsequent PCRA petition in abeyance and was required under **Lark** to dismiss it. As such, by order entered on August 22, 2024, the PCRA court properly dismissed Appellant's June 13, 2024, *pro se* PCRA petition. Based upon our decisions in **Lark** and **Beatty**, we agree with the PCRA court that it lacked authority to consider another PCRA petition while a prior PCRA petition in the same case was pending on appeal.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: _04/29/2025_