J-A25042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WOODROW JOHN HICKS JR. | : | |
| | : | |
| Appellant | : | No. 66 WDA 2022 |

Appeal from the PCRA Order Entered December 22, 2021
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0000467-2013

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                   **FILED: APRIL 21, 2023**

Woodrow John Hicks, Jr. (Appellant) appeals, *pro se*, from the order entered in the Indiana County Court of Common Pleas, denying two petitions for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA).[1] Appellant seeks relief from both his original judgment of sentence and a probation revocation sentence, imposed following his jury conviction of unlawful contact with a minor[2] and related offenses. On appeal, Appellant complains, *inter alia*, that the PCRA court abused its discretion when it failed to address his motion to proceed *pro se* or permit him to file an amended PCRA petition. For the reasons below, we affirm in part, vacate in part, and remand for further proceedings.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] *See* 18 Pa.C.S. § 6318(a)(1).

The relevant facts underlying Appellant's convictions were summarized by this Court in a prior appeal:

These charges arose on November 3, 2012, after the victim, who at the time was fifteen years of age, went to the Pennsylvania State Police with her mother. She complained that [Appellant] had been repeatedly contacting her in [an] attempt to arrange a meeting to engage in sexual activities. If the victim would not participate, [Appellant] threatened to send compromising photos of her to her mother.

While at the police station, the victim sent a text message to [Appellant] under the direction of the [troopers]. She arranged to meet [Appellant] at a local store, however, when [Appellant] arrived he was placed under arrest. Prior to the arrest being effectuated, [Appellant] attempted to flee the scene and endangered the arresting officers.

***Commonwealth v. Hicks***, 268 WDA 2015 (unpub. memo. at 2) (Pa. Super. Nov. 12, 2015) (citation omitted), *appeal denied*, 483 WAL 2015 (Pa. Apr. 20, 2016).

Appellant was charged with unlawful contact with a minor, attempted statutory sexual assault, corruption of minors, simple assault, aggravated assault, criminal use of a communication facility, resisting arrest, and fleeing and eluding a police officer.[3] He proceeded to a jury trial that resulted in a September 24, 2014, verdict of guilty on all offenses except aggravated assault and resisting arrest. On January 5, 2015, the trial court imposed an aggregate sentence of 16 months' to five years' imprisonment, followed by

---

[3] ***See*** 18 Pa.C.S. §§ 901, 3122.1(b), 6301(a)(1)(ii), 2701(a)(1), 2702(a)(2), 7512(a), and 5104; 75 Pa.C.S. § 3733(a), respectively.

five years' probation.[4]  The court also informed Appellant he would be required to register as a sex offender for his lifetime under the Sexual Offenders Registration and Notification Act (SORNA).[5]

Appellant filed a timely direct appeal in which he argued his convictions were against the weight of the evidence and that trial court erred in admitting into evidence messages sent from his computer.  **See Hicks**, 268 WDA 2015 (unpub. memo. at 3).  A panel of this Court concluded that both claims were waived — Appellant did not file the requisite post-sentence motion challenging the weight of the evidence and failed to make a proper objection to the evidence.  **See id.** at 3-9.  Appellant's petition for allowance of appeal in the Pennsylvania Supreme Court was denied on April 20, 2016.  Thus, for purposes of a PCRA proceeding, Appellant's judgment of sentence was final on July 19, 2016, 90 days after the Pennsylvania Supreme Court denied review and the time for filing a petition of *certiorari* with the United States Supreme Court expired.  **See** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review, or expiration of time for seeking review).  **See also** U.S. Sup. Ct. R. 13(1).

---

[4] At all relevant times prior to January 2022, President Judge William J. Martin presided over Appellant's case.

[5] **See** 42 Pa.C.S. § 9799.51-9799.75 (Subchapter I).  **See also** 42 Pa.C.S. § 9799.52 (Subchapter I is applicable to those convicted of a sexually violent offenses committed on or after April 22, 1996, but before December 20, 2012).

The convoluted procedural history that followed Appellant's direct appeal features numerous missteps and misunderstandings of the relevant law by both appointed counsel and the PCRA court.

On January 11, 2017, Appellant filed a timely, *pro se* PCRA petition, raising several claims asserting the ineffective assistance of trial counsel. The next day, the PCRA court appointed Jennifer Szalkowski, Esquire, as PCRA counsel, and granted her 90 days to file an amended petition "if deemed necessary[,]" and a proposed scheduling order for a hearing. Order, 1/12/17. On February 22, 2017, Attorney Szalkowski filed what she titled as an amended petition — however, she actually informed the court that an amended motion was unnecessary, and requested a hearing on the claims presented in Appellant's *pro se* petition. **See** Appellant's Amended Motion for Post Conviction Collateral Relief, 2/22/17, at 1-2.

The PCRA court conducted a hearing on May 30, 2017. Thereafter, on October 2, 2017, the court entered an order and opinion denying PCRA relief. On October 20th, Appellant filed a *pro se* motion seeking to bar application of his SORNA registration requirements. **See** Motion to Bar the Applicability of Sex Offender Registration and/or Petition for Writ of Habeas Corpus, 10/20/17. He then filed a timely, **pro se** notice of appeal from the PCRA court's October 2nd order denying PCRA relief. **See** 1685 WDA 2017.

On December 14, 2017, this Court issued a *per curiam* order, noting Appellant filed the *pro se* appeal while he was represented by Attorney Szalkowski; therefore, this Court directed the PCRA court to determine if

Appellant desired to proceed with counsel or *pro se*. **See** Order, 12/14/17.

One week later, Attorney Szalkowski filed a motion to withdraw. Following a

hearing, the PCRA court granted Attorney Szalkowski's petition to withdraw

and appointed Andrew Skala, Esquire, to represent Appellant. **See** Order,

1/8/18. The court also directed Attorney Skala to represent Appellant with

regard to his pending *pro se* SORNA motion, which was scheduled for a hearing

on March 26, 2018. **See id.** Although it appears there was a hearing

conducted on that date,[6] the certified record does not include a transcript from

that hearing.

On September 24, 2018, Appellant filed a counseled Motion for

Extraordinary Relief. He requested the PCRA court permit him "to file a post-

sentence motion relative to the weight of the evidence issue [*nunc pro tunc*]

and suspend but preserve the [PCRA] issues raised by [prior PCRA] counsel."

Appellant's Motion for Extraordinary Relief, 9/24/18, at 3 (unpaginated) (some

capitalization omitted). The following day, the PCRA court entered an order

**granting** Appellant's requested relief. The court directed Appellant to file a

post-sentence motion within 30 days and ordered that the PCRA issues

previously raised "be **suspended but preserved** for further appeal, so

[Attorney Skala] can pursue the post-sentence motion." Order, 9/25/18

---

[6] **See** Letter from PCRA court to Attorney Skala, 4/4/18 (referring to March 26, 2018, hearing).

(emphasis added). As we will discuss *infra*, the PCRA court had no authority to grant this relief.

In compliance with the PCRA court's order, Appellant filed a post-sentence motion *nunc pro tunc* on October 24, 2018. The PCRA court conducted a hearing on November 29th, during which it considered arguments regarding both Appellant's weight of the evidence and SORNA challenges. In a post-hearing brief, the Commonwealth conceded that Appellant should only be required to register under SORNA for a period of 10 years. **See** Commonwealth's Brief in Opposition to Appellant's Post-Sentence Motion and SORNA Motion, 1/14/19, at 6-8.

On January 28, 2019, the PCRA court entered an order and accompanying opinion denying Appellant's post-sentence challenge to the weight of the evidence, but directing that he be subject to a 10-year period of registration under SORNA, rather than the lifetime registration period imposed at sentencing. Order, 1/28/19. Appellant filed a timely notice of appeal. Thereafter, on March 29, 2019, Attorney Skala filed a praecipe to discontinue the pending appeal docketed at 1685 WDA 2017, which was from the October 2, 2017, order denying Appellant's timely filed PCRA petition.

On September 13, 2019, a panel of this Court affirmed in part and vacated in part the PCRA court's January 28, 2019, order. **See** **Commonwealth v. Hicks**, 325 WDA 2019 (unpub. memo. at 1) (Pa. Super. Sep. 13, 2019), *appeal denied*, 370 WAL 2029 (Pa. Mar. 31, 2020). First, the panel concluded that Appellant's motion seeking permission to file post-

sentence motions *nunc pro tunc* "was . . . untimely, and the [PCRA] court should not have considered it." ***Id.*** at 4 (explaining trial court may grant permission to file post-sentence motion *nunc pro tunc* only if request is made within 30 days of imposition of sentence). Second, the panel determined that both Appellant's *nunc pro tunc* post-sentence motion and his SORNA motion should have been construed as PCRA petitions. ***See id.*** at 5. Third, the panel determined both petitions were untimely filed more than one year after Appellant's judgment of sentence was final — that is, after July 19, 2017. ***See id.*** at 6. Fourth, because Appellant failed to plead or prove any of the timeliness exceptions to the PCRA set forth at 42 Pa.C.S. § 9545(b)(1)(i)-(iii), the panel concluded Appellant's petitions were manifestly untimely, and the PCRA court did not have jurisdiction to consider Appellant's claims or grant any relief. ***See id.*** at 6-7. Therefore, the panel affirmed the denial of Appellant's post-sentence motion, albeit on alternative grounds, and vacated that part of the order modifying the length of Appellant's SORNA registration requirements.[7] ***See id.*** The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 31, 2020.

Meanwhile, after completing his five-year term of imprisonment, Appellant began serving his probationary term in June of 2019. In February

---

[7] We note that this Court has since held "a challenge to the requirements mandated by Subchapter I of SORNA II pertains to a collateral consequence of one's criminal sentence[,] **does not fall** within the purview of the PCRA[,]" and may be considered by the trial court regardless of the PCRA's time restrictions. ***See Commonwealth v. Smith***, 240 A.3d 654, 658 (Pa. Super. 2020).

of 2020, Appellant's probation officer filed an application to revoke his probation. Following a hearing, on March 19th, the trial court revoked Appellant's probationary sentence, and imposed an aggregate term of two and one-half to five years' imprisonment. **See** Order, 3/19/20, at 1-2 (unpaginated). Appellant filed a timely direct appeal on April 15, 2020.

While that appeal was pending in this Court, on April 20, 2020, Attorney Skala filed a motion seeking to **restore** Appellant's PCRA rights pursuant to the PCRA court's September 25, 2018, order. As noted above, in that order, the PCRA court purported to "suspend[ ] but preserve[ ] for further appeal" the issues raised in Appellant's first, timely PCRA petition while Appellant pursued his post-sentence motion *nunc pro tunc*. **See** Order, 9/25/18. The PCRA court conducted a status conference on May 1, 2020. On May 4th, the court entered an order, providing, in relevant part:

> [Appellant] presently has an appeal pending before the Superior Court. At issue on the appeal is the revocation of [his] State [Probation] and subsequent sentence. [Appellant's] 1925(b) Statement is due May 12, 2020.
>
> **There are outstanding Post Collateral Relief issues pending.** Counsel shall, if deemed necessary, file an Amended Petition and Scheduling Order on or before June 30, 2020. Should counsel determine that an Amended Petition is not necessary, counsel shall file a Scheduling Order with the Court on or before June 30, 2020.
>
> Appellant was previously represented by [Attorney Szalkowski, who] has been appointed as an Assistant District Attorney for Indiana County. As a result, the case is going to be referred to the Office of the Attorney General.

Order, 5/4/20 (emphasis added).

- 8 -

On May 26, 2020, Appellant, represented by Attorney Skala, filed a motion seeking leave of court to file a motion to modify his probation revocation sentence. The court properly denied the motion on June 11, 2020, noting that it had no jurisdiction to modify Appellant's probation revocation sentence (1) more than 30 days after it was imposed, and (2) after an appeal had been filed. *See* Order, 6/11/20.

Thereafter, pursuant to the PCRA court's May 4th order, Appellant filed a counseled, amended PCRA petition on June 30, 2020. Appellant challenged the weight of the evidence supporting his convictions[8] and presented six allegations of ineffective assistance of trial counsel — the same claims that he presented in his original, *pro se* petition filed in January of 2017. *See* Appellant's Amended Petition for Post Conviction Collateral Relief, 6/30/20, at 4-5 (unpaginated). The Commonwealth filed an answer asserting the PCRA court had no jurisdiction to consider Appellant's amended petition for two reasons: (1) the appeal from his probation revocation sentence was pending before the Superior Court, and (2) the amended petition was untimely filed. *See* Commonwealth's Answer to Appellant's Amended Post Conviction Relief Act (PCRA) Petition, 8/25/20, at 2-3. Following a hearing on August 28, 2020,

---

[8] Notably, Attorney Skala did not explicitly assert prior counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence — a claim that would have been appropriate since this Court deemed Appellant's weight challenge waived on direct appeal. *See* Appellant's Amended Petition for Post Conviction Collateral Relief, 6/30/20, at 4 (unpaginated); *Hicks*, 268 WDA 2015 (unpub. memo. at 3-5).

the PCRA court directed the parties to brief the jurisdictional issue. *See* Order, 8/31/20. Both parties complied, and on December 7th, the PCRA court entered an order denying Appellant's petition "without prejudice to request a hearing following a decision on the pending [probation revocation direct] appeal . . . currently . . . before the Superior Court[.]"[9] Order, 12/7/20.

Ten days later, on December 17, 2020, this Court affirmed Appellant's probation revocation sentence. *See Commonwealth v. Hicks*, 511 WDA 2020 (Pa. Super. Dec. 17, 2020). Thereafter, on February 24, 2021, Appellant filed a motion to reinstate his June 2020 PCRA petition. *See* Appellant's Motion to Reinstate Petition for Post Conviction Collateral Relief, 2/24/21. Meanwhile, on March 12, 2021, he filed a counseled PCRA petition seeking relief from his **probation revocation** sentence. *See* Appellant's Petition for Post Conviction Collateral Relief, 3/12/21. The PCRA court scheduled a hearing on both petitions for April 29, 2021. The hearing was continued several times, before eventually being held on August 17th.

At the August 17, 2021, hearing, the Commonwealth did not oppose the court reinstating Appellant's June 2020 PCRA petition, although it did oppose

---

[9] We note that the PCRA court was **not** precluded from considering the amended PCRA petition related to Appellant's original judgment of sentence while his appeal from the probation revocation sentence was still pending. *See Commonwealth v. Williams*, 215 A.3d 1019, 1023 (Pa. Super. 2019) (because "revocation of probation does not materially alter the original judgment of sentence[,]" petitioner may file PCRA petition "focused exclusively on the underlying trial and conviction" while appeal from revocation sentence is still pending; "challenges to the original trial and sentencing are not affected by the revocation").

the granting of relief under that petition, asserting the claims were either waived or previously litigated, and the petition was untimely filed. **See** N.T., 8/17/21, at 5-6, 14-15. Attorney Skala argued that the June 2020 petition should be considered timely, and Appellant testified regarding the alleged ineffective assistance of probation revocation counsel. The court agreed to keep the record open so that Attorney Skala could further investigate a claim related to the probation revocation petition. **See id.** at 55. At the conclusion of the hearing, Appellant requested to present "a *habeas corpus* type of argument" before the court, which the trial court denied because he was represented by counsel. **See id.** at 66. Appellant then stated that all he was "asking for is some transcripts of [his] case." **Id.** The court directed him to speak with Attorney Skala. **Id.**

Following the hearing, on September 9, 2021, Attorney Skala filed a motion to withdraw as counsel. He averred that he was alerted by the prison that his "attorney control number was compromised . . . regarding mail sent to" Appellant and "an investigation [had] begun into this matter." Motion to Withdraw as Counsel, 9/9/21, at 2 (unpaginated). Therefore, he did "not believe it [was] in the best interest and welfare to continue to represent" Appellant. **Id.** The PCRA court granted Attorney Skala's motion on September 14th, and thereafter, appointed Timothy S. Burns, Esquire, to represent Appellant "in this matter." **See** Order, 9/14/21; Order, 10/21/21.

On November 22, 2021, Attorney Burns filed a petition to withdraw as counsel and a *Turner*/*Finley*[10] "no merit" letter. Notably, however, Attorney Burns reviewed **only** Appellant's March 12, 2021, PCRA petition concerning his probation revocation sentence. *See* Petition to Withdraw as PCRA Counsel with *Turner*/*Findley* (sic) Letter, 11/22/21, at 1-5. Counsel did not mention or address the claims raised in Appellant's June 2020 PCRA petition challenging his underlying judgment of sentence. The PCRA court scheduled a hearing concerning counsel's petition to withdraw for December 21, 2021.

At that hearing, Appellant stated he was not aware Attorney Burns had been appointed until he received the petition to withdraw. *See* N.T., 12/21/21, at 6. After the court explained the procedure and Attorney Burns's conclusion that Appellant's claims were previously litigated, the following exchange took place:

> THE COURT: . . . I just want to make sure you understand what we're doing here today.
>
> [Appellant]: You're wanting to dismiss this PCRA; is that correct?
>
> THE COURT: That's exactly right.
>
> [Attorney Burns]: Actually, Your Honor, if I can interject. You're actually permitting me to withdraw.
>
> THE COURT: Well, yeah. We're permitting [Attorney Burns] to withdraw as your counsel based on his no-merit letter. And once he is withdrawn, then you can proceed representing yourself

---

[10] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

or, if you wish, you can hire counsel to represent you. But as far as [Attorney] Burns, he would be withdrawn from this case. So that's what's going on here.

[Appellant]: And, **if I want to proceed . . . *pro se* and all that, how long would the courts give me to write up a notification for that**?

THE COURT: Well, **I'll explain that to you here in a little bit**.

*Id.* at 8-9 (emphases added).

The court then questioned Attorney Burns regarding his determination that the issues raised in the probation revocation PCRA petition were previously litigated before granting the petition to withdraw. *See* N.T., 12/21/21, at 9-12. The court also stated that it agreed with counsel's assessment that the claims raised in the petition were previously litigated. *Id.* at 12. Thereafter, the Commonwealth "clarif[ied] procedurally" that there were **two petitions** at issue — the June 2020 "reinstated" petition and the March 2021 probation revocation petition. *See id.* at 13. The PCRA court agreed and asked Attorney Burns, "you were aware of the reinstated one also, which is clearly, I believe, time-barred?" *Id.* Attorney Burns simply replied, "Yes." *Id.* As noted above, however, Attorney Burns did **not** address the June 2020 petition in his motion to withdraw.

The PCRA court then informed Appellant that it intended to enter an order the next day, granting Attorney Burns's motion to withdraw, at which time, Appellant could proceed *pro se*, or with retained counsel. *See* N.T., 12/21/21, at 13-14. The court specifically told Appellant that he would have 30 days to file an appeal. *See id.* at 14. When advised he could **not** obtain

new court-appointed counsel, Appellant stated "[t]hen I'll go *pro se*[.]" ***Id.*** at 15. At the end of the hearing, the Commonwealth asked the court to clarify if the PCRA court's order would deny "both the June, 2020, petition and the March 21, 2021, petition[.]" ***Id.*** at 16. The PCRA court replied, "Yes." ***Id.*** Appellant then requested clarification as to why the court intended to deny both petitions. ***See id.*** at 17. The following exchange took place:

> THE COURT: Well, I'm denying because I agree with [Attorney] Burns that **they** don't have merit. Basically, you're trying to relitigate items that have already been decided. You can't do that. [The] Superior [C]ourt has **spoken on both of the petitions** in the past.
>
> [Appellant]: Yeah, but that wasn't — one of them was the weight of evidence on [direct appeal counsel] and all that. That has all the merit there is, that should be.
>
> THE COURT: Well, we're not talking about the actual merits of the all[e]gation. The [S]uperior [C]ourt has stated that the weight of the evidence claim was not properly raised and was waived. So that's why that's denied.
>
> [Appellant]: Okay.

***Id.*** at 17 (emphases added).

The next day, December 22, 2021, the PCRA court entered an order and opinion granting Attorney Burns's petition to withdraw and denying **both** Appellant's March 2021 petition challenging his probation revocation proceedings **and** his June 2020 amended petition challenging his underlying judgment of sentence. With regard to the June 2020 petition, the PCRA court summarily stated:

> In [Appellant's] June 30, 2020 Amended PCRA, [he] attempts to raise the issue of the weight of the evidence at his

- 14 -

trial held September 13 and 14[,] 2014. This Court does not have jurisdiction over this matter. The Superior Court found this issue had been waived. **Commonwealth v. Hicks**[,] 268 WDA 2015 . . .

Trial Ct. Op., 12/22/21, at 4.

That same day, Appellant placed in the prison mailbox[11] a motion for leave to proceed *pro se* and to amend his PCRA petition to include a claim that Attorney Skala "did not raise" concerning Appellant's "discovery of exculpatory evidence that, had it been introduced at trial, would have probably altered the outcome[.]" Appellant's Motion for Leave to Proceed Self-Represented & Amend or Withdraw Petition for Post-Conviction Relief, 12/22/21, at 1. This petition was not **received** by the PCRA court until December 27, 2021.

On January 3, 2022, the PCRA court, now President Judge Thomas M. Bianco, denied Appellant's December 22nd motion as moot, referring to the court's December 22nd order disposing of both Appellant's June 2020 and March 2021 petitions. **See** Order, 1/3/22.[12] That same day, Appellant placed in the prison mailbox a *pro se* PCRA petition asserting, for the first time, newly discovered evidence, judicial bias, and the denial of his access to the courts. On January 10, 2022, Appellant filed a notice of appeal from the court's

---

[11] "Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011). Included in the certified record is the envelope in which Appellant mailed his motion, which bears a postage date stamp of December 22, 2021.

[12] The court entered an amended order on January 5, 2022, which simply corrected the date of the December 22, 2021, order. **See** Order, 1/5/22.

December 22, 2021, order. Thereafter, on January 11th, the PCRA court entered two orders: (1) an order explaining that it could not "consider" Appellant's new January 2022, PCRA petition "until such time as appellate review of this matter is completed[;]" and (2) an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement concerning the issues he intended to raise in his January 10th notice of appeal. *See* Orders, 1/11/22. Appellant complied with the Rule 1925(b) order on January 27, 2022.

Appellant presents the following four issues in his brief on appeal:

I. Trial judge may not sit as PCRA judge.

II. Failure of judge to hear invocation of right to self-representation by Appellant.

III. Failure of judge to address motion to proceed self-represented and amend or withdraw petition for [PCRA] relief by Appellant.

IV. Inherent bias of PCRA court.

Appellant's Brief at iii (some capitalization omitted). We note that none of Appellant's complaints on appeal pertain to the denial of his March 2021 PCRA petition relating to his probation revocation proceedings.

Our review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation and quotation marks omitted).

As we stated at the outset, both appointed counsel and the PCRA court demonstrated a misunderstanding of the law, which interfered with Appellant's

ability to present his claims in a timely manner. By way of background, first we emphasize that once an appeal is taken, the trial court has no authority to proceed further in the matter, with limited exceptions not relevant herein. *See* Pa.R.A.P. 1701(a)-(b). Second, a trial court has no authority to grant permission to file a post-sentence motion *nunc pro tunc* more than 30 days after imposition of sentence. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 n.3 (Pa. Super. 2007); *Hicks*, 325 WDA 2019 (unpub. memo. at 4). Third, a PCRA court has "no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior petition in the same case is still pending on appeal." *Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019). Moreover, "no court has jurisdiction to place serial petitions in repose pending the outcome of an appeal in the same case." *Id.* Fourth, a PCRA petitioner has a "rule-based right to the assistance of counsel for their first PCRA petition[,]" which imposes a duty on appointed counsel "to either: (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of *Turner*/*Finley*." *Commonwealth v. Cherry*, 155 A.3d 1080, 1082-83 (Pa. Super. 2017) (citation & footnote omitted).

Here, a review of the procedural history of Appellant's case reveals the following missteps:

- Attorney Szalkowski did **not** amend Appellant's timely filed, *pro se* petition filed in January of 2017, nor file a petition to

- 17 -

withdraw; rather, she requested a hearing on Appellant's *pro se* claims.

- New counsel, Attorney Skala, improperly requested, and the PCRA court improperly granted, permission to file an **untimely** post-sentence motion *nunc pro tunc*.

- The PCRA court improperly entered an order "suspend[ing] but preserv[ing]" the issues raised in Appellant's timely PCRA petition, when the order denying relief on that petition was already before this Court on appeal.

- Relying on that (improper) order, Attorney Skala **discontinued** Appellant's timely appeal from the denial of his first PCRA petition, foreclosing timely review.

- The PCRA court entered an order on May 4, 2020, permitting counsel to amend Appellant's previously filed (and previously denied) PCRA petition, only to later conclude the amended petition (filed on June 30, 2020) was untimely.

- The PCRA court improperly delayed disposition of the June 30th amended petition while Appellant's direct appeal from his probation revocation sentence was pending.

- After Attorney Skala was permitted to withdraw, the PCRA court appointed Attorney Burns to represent Appellant, but did not indicate the representation was **limited** to the probation revocation PCRA petition.

- Attorney Burns filed a motion to withdraw and "no merit" letter that addressed **only** claims raised in the probation revocation PCRA petition.

- The certified record does not include a letter from Attorney Burns to Appellant "inform[ing him] of the right to proceed pro se or to retain new counsel" as is required by the ***Turner***/***Finley*** progeny.[13]

- The PCRA court conducted a hearing on Attorney Burns's petition to withdraw, and stated its intention to dismiss **both**

_____

[13] ***See Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa. Super. 2019).

- 18 -

of Appellant's petitions the next day, despite Appellant's statement that he wanted to proceed *pro se*.

- The PCRA court declined to address Appellant's motion for leave to amend his (now) untimely amended petition, which was filed the same day as the court's order denying relief.

Upon our review, we conclude that both prior counsel and the PCRA court demonstrated a misunderstanding of the law, which led Attorney Skala to forfeit appellate review of Appellant's timely-pled ineffectiveness claims by discontinuing Appellant's appeal from the denial of his first PCRA petition. While we agree the subsequently filed June 30, 2020, "amended" petition was untimely filed,[14] it is evident Attorney Skala did not believe that to be so — and, accordingly, he did not plead any exceptions to the timeliness requirements. **See** 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii).

Thereafter, newly appointed counsel — Attorney Burns — filed a motion to withdraw and "no merit" letter, addressing **only** the claims raised in Appellant's (timely) petition challenging his probation revocation sentence. During the hearing on counsel's motion to withdraw, Appellant expressed his desire to proceed *pro se*, and asked the court how much time he would have to file a petition requesting *pro se* status. **See** N.T., 12/21/21, at 9. The

---

[14] Unfortunately, the PCRA court had no authority to either treat Appellant's June 30, 2020, petition as an extension of his January 2017 petition, or reinstate the claims raised therein, which had been denied in October of 2017. **See Beatty**, 207 A.3d at 963 (holding PCRA court had no authority (1) "to put . . . second petition on pause until . . . pending appeal" from denial of first petition concluded, or (2) "to 'reinstate' . . . second petition, after [appellant's] appeal on his first petition had ended, and then use the original filing date of the second petition").

PCRA court told Appellant it would "explain that . . . in a little bit[,]" but then proceeded to inform Appellant that it intended to **deny both petitions** the next day (December 22nd). **See id.** at 9, 13-14. On December 22nd, Appellant promptly filed a motion: (1) requesting to proceed *pro se*; (2) seeking permission to file an amended petition for his trial-based claims; and (3) asserting Attorney Skala's ineffectiveness for failing to present a claim concerning Appellant's "discovery of exculpatory evidence." **See** Appellant's Motion for Leave to Proceed Self-Represented & Amend or Withdraw Petition for Post-Conviction Relief at 1. Such a claim **might** satisfy the "newly discovered facts" exception to the PCRA's timing requirements.[15] **See** 42 Pa.C.S. §§ 9545(b)(1)(ii) (exception to one-year filing requirement if petitioner pleads and proves "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"); (b)(2) (any petition invoking timeliness exceptions "shall be filed within one year of the date the claim could have been presented").

Therefore, based on the unique circumstances presented here, we conclude the PCRA court abused its discretion when it dismissed Appellant's June 30, 2020, petition without providing Appellant the opportunity to file an amended petition, *pro se*. **See** Appellant's Brief at 18-19. We emphasize the following: (1) Attorney Skala discontinued Appellant's timely appeal from

---

[15] We render no opinion on the merits of any of Appellant's claims.

denial of PCRA relief based on the PCRA court's improper order purporting to "suspend but preserve" the claims raised therein; (2) Attorney Skala did not consider the June 30, 2020, petition to be untimely filed, but rather, a restoration of the prior petition; (3) neither Attorney Skala, nor Attorney Burns, sought to amend the PCRA petition after the court indicated it was untimely filed; (4) Appellant promptly requested permission to proceed *pro se* and amend his petition after Attorney Burns sought to withdraw from representation of the probation revocation PCRA petition.[16]

Therefore, based on the reasons provided above, we vacate that part of the PCRA court's January 3, 2022, order, denying PCRA relief with respect to Appellant's June 30, 2020, petition. Because Appellant presents no challenge to the denial of relief from his March 2021 probation revocation petition, we affirm that part of the order. Furthermore, we remand this matter to the PCRA court to permit Appellant the opportunity to file an amended petition concerning his trial-based claims, and provide any bases to overcome the timeliness requirements.[17]

_____

[16] While Appellant did not file a response to Attorney Burns's motion to withdraw, as noted above, the record contains no letter from Attorney Burns to Appellant informing him of his rights. Thus, we cannot conclude Appellant's request to proceed *pro se* was untimely.

[17] We briefly address Appellant's claims concerning the PCRA court's purported bias. Appellant first asserts the trial court "may not sit in the capacity of PCRA judge." Appellant's Brief at 13 (some capitalization omitted). This is simply incorrect. As this Court has explained, "it is deemed **preferable** for the same judge who presided at trial to preside over the [PCRA] since familiarity with

*(Footnote Continued Next Page)*

- 21 -

Order affirmed in part and vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2023

---

the case will likely assist the proper administration of justice." **Commonwealth v. Martorano**, 89 A.3d 301, 307 (Pa. Super. 2014) (citation & quotation marks omitted; emphasis added). **See also** Pa.R.Crim. P. 903(A) (directing that PCRA petition should be forwarded to trial judge, if available). Moreover, with regard to Appellant's fourth claim that the PCRA court "evidenced an inherent bias," (Appellant's Brief at 20), we agree with the Commonwealth that Appellant waived this claim by failing to file a recusal motion before the PCRA court itself. **See** Commonwealth's Brief at 5-6, *citing* **Commonwealth v. Timchak**, 69 A.3d 765, 774 (Pa. Super. 2013). **See also** Pa.R.A.P. 302(a) (issues not raised in trial court are waived on appeal).